Submitted on appellant's brief June 19, reversed and
remanded July 7, 1972

## STATE OF OREGON, *Appellant, v.*
## CARL DONALD EBERT, *Respondent.*

498 P2d 792

Robert A. Lucas, District Attorney, St. Helens, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant was charged by uniform traffic citation with the offense of having "disobeyed stop sign." The citation set forth the offense, time and date, but in designating the place where the offense occurred read as follows:

"* * * On a public highway, to-wit: Gable Rd. at or near St. Helens located in the county and state aforesaid * * *."

The defendant entered a plea of not guilty prior to trial. At the time of trial he moved to dismiss the traffic citation on the ground the location of the alleged violation was insufficient due to lack of specificity. The justice of the peace dismissed the citation① and upon appeal the circuit court affirmed the dismissal. The state appeals.

■ When an indictment charges a crime but lacks specificity, provision is made for demurring to it on that ground. ORS 135.630(2). However, procedures involved in the Uniform Traffic Citation and Complaint are not controlled by the more technical statutes controlling indictments. The purpose of the uniform traffic citation system is to permit a charge against a motorist to be made with a minimum of formality. If the traffic citation does not contain, for example, the following information:

"The offense of which the person is charged, the date, time and place at which the offense occurred * * *." (ORS 484.150(3)(c)),

the defendant, upon motion, *before plea,* may have it

---

① The justice of the peace set forth as the basis for dismissal "* * * inadequate description on face of complaint of where alleged violation occurred. * * *"

dismissed. ORS 484.150 (8).[2] Presumptively, if the defendant pleads to the citation, he understands the details involved in the offense with which he is charged and waives any challenge to the lack of specificity. This is analogous to the waiver of the right to challenge the definiteness and certainty of an indictment by failure to demur on that ground. ORS 135.630(2).

The defendant urged before the circuit court that ORS 484.170 which provides:

> "Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:
>
> "* * * * *
>
> "(2) A statement or designation of the offense in such manner as can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the offense is alleged to have occurred.
>
> "* * * * *."

requires the "* * * place at which the offense is alleged to have occurred" to be set forth more specifically than was done here.

---

[2] ORS 484.150:

"(1) A traffic citation conforming to the requirements of this section shall be used for all traffic offenses in this state.

"* * * * *

"(3) * * * [The complaint] shall contain the following information * * *

"* * * * *

"(c) The offense of which the person is charged, the date, time and place at which the offense occurred, the date on which the citation was issued and the name of the complainant.

"* * * * *."

██ Statutes bearing on the same subject are to be construed together to effectuate the purpose of each if they are not repugnant. ORS 484.150(8) provides that failure to object on the ground of lack of specificity must be made before entry of plea or it is waived. ORS 484.170 is not contrary. In short, the purpose of the informal traffic citation is to provide a motorist with notice of the offense with which he is charged. If he understands the charge sufficiently to enter a plea to it, it is assumed that he understands it sufficiently to abide the consequences of his plea. By entering his not guilty plea, the defendant waived his right to object on the basis of want of definiteness and certainty and the motion to dismiss should have been denied.

Reversed and remanded.