Robert SWISSE, Appellant (Defendant below),

v.

**The CITY OF SHERIDAN, Appellee (Plaintiff below).**

### No. 4666.

Supreme Court of Wyoming.

March 21, 1977.

Bruce P. Badley, Badley & Shoumaker, Sheridan, signed the brief and appeared in oral argument on behalf of appellant.

Harry F. Schwartz, Sheridan, signed the brief but waived appearance for oral argument on behalf of appellee.

1. The local ordinance provides:

   "No person shall drive or operate any vehicle within the city in such a careless, imprudent

Before GUTHRIE, C. J., and McCLIN-TOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM:

Appellant-defendant appeals an order of the district court affirming upon appeal a judgment of the municipal court, City of Sheridan, finding him guilty of careless driving in violation of a city ordinance.[1]

Defendant was charged by means of a "Sheridan Uniform Traffic Ticket," which merely set out "careless driving" as the offense charged and cited the ordinance. Motions to quash were filed in municipal court on grounds generally that the offense was not charged with sufficient certainty, language of the city ordinance was not used, there was no adequate citation of the municipal ordinance under Rule 9(i), W.R. C.P., and no crime was alleged. The issues here are as follows:

1. The district court erred in upholding a conviction of "careless driving" upon a complaint which did not set forth the language of the ordinance.

2. The district court erred in affirming the conviction for violation of a municipal ordinance which is unconstitutional under the Fourteenth Amendment to the United States Constitution and Article I, §§ 6, 7 and 10 of the Wyoming Constitution.

Rule 24, W.R.Cr.P.J.C., empowers the use of citations for traffic ordinance violations. The uniform citation form is authorized by §§ 31–238 and 31–243, W.S.1957, C.1967, Cum.Supp., and made applicable to municipalities by § 31–85, W.S.1957, C.1967. Municipal courts follow the same procedures applicable to state justice of the peace courts. Section 5–120, W.S.1957.

The purpose behind uniform traffic citations is to provide for the speedy and effective disposition of traffic offenses. Within such an informal procedure it is not necessary that the charge be set forth with

or noisy manner as shall disturb the public peace or endanger the person or property of themselves or others."

the same technical precision and formality as required in an information or verified complaint. All that is required is that the accused be informed of the nature of the offense with which he is charged. Such a requirement can be fulfilled by stating the commonly used name of the offense and the statute or ordinance violated. This is sufficient even if it means the accused may be required to inquire of the arresting officer or someone else exactly what the offense includes. Such a philosophy and point of view is neither original nor without authoritative support. *Harper v. Field,* Okla.Crim. 1976, 551 P.2d 1161, 1162; *People v. Clyne,* Colo.1975, 541 P.2d 71, 72; *State v. Ebert,* 1972, 10 Or.App. 69, 498 P.2d 792; *People v. Brausam,* 1967, 83 Ill.App.2d 354, 227 N.E.2d 533, 539; *State v. Waggoner,* 1961, 228 Or. 334, 365 P.2d 291; *Yunker v. Quillin,* 1954, 202 Or. 362, 275 P.2d 240. The notation "careless driving" accompanied by reference to the ordinance number informed defendant with the nature of the offense charged with all the specificity needed.

We cannot consider defendant's second issue as it raises a constitutional question for the first time on appeal. *Knudson v. Hilzer,* Wyo.1976, 551 P.2d 680.

Affirmed.