UNITED STATES of America, Plaintiff,

v.

Glenn Willis MILLS, Jr., Defendant.

No. CR–2–75–14.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 9, 1977.

John L. Bowers, U. S. Atty., and Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Edward H. Moody, Morristown, Tenn., for defendant.

MEMORANDUM OPINION

NEESE, District Judge.

The probationer objected to the refusal of a United States magistrate of this district to continue his preliminary probation revocation hearing until final adjudication of five presentments (indictments) returned against him by various grand juries of the state of Tennessee. The objection is without merit.

At anytime during the probationer's period of probation, he was subject to arrest for its violation on the application of a probation officer of this Court. 18 U.S.C. § 3653. " * * * The probation system was devised to allow persons guilty of anti-social conduct to continue at large but under appropriate safeguards. * * * " *Roberts v. United States* (1943), 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41, 46 (dissenting opinion). " * * * Probation of a person convicted of crime is a matter of grace. * * " *United States v. Tucker,* C.A. 6th (1971), 444 F.2d 512, 513[1], certiorari denied (1972), 404 U.S. 1048, 92 S.Ct. 711, 30 L.Ed.2d 739. In a final probation revocation proceeding, the Court " * * * may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. § 3653.

The conviction of the probationer of the state charges is not a prerequisite to this Court's revocation of his probation. *United States v. Markovich,* C.A.2d (1965), 348 F.2d 238, 240[4]. Thus, a federal court may proceed to both preliminary and final probation revocation hearings before any trial in a state court of criminal charges out

of which arose the alleged probation violations. *United States v. Denno,* D.C.N.Y. (1959), 173 F.Supp. 237, 241[7], affirmed on the opinion below C.A.2d (1959), 272 F.2d 191, certiorari denied (1960), 363 U.S. 814, 80 S.Ct. 1252, 4 L.Ed.2d 1155. The " * * * accused probationer is entitled to appear [before the judge of a United States District Court] and explain away his accusation if he can. He is not entitled to a trial in any strict or formal sense. *Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). * * * " *United States v. Tucker, supra,* 444 F.2d at 513[1].

In such final hearing, the usual rules of evidence need not be applied, *United States v. Cates,* C.A. 4th (1968), 402 F.2d 473, 474[5], and it is not required that the evidence have shown beyond a reasonable doubt that Mr. Mills violated the conditions of his probation, *Manning v. United States,* C.A. 5th (1947), 161 F.2d 827, 829[7], certiorari denied (1947), 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374. If the evidence satisfies the presiding judge that the conduct of the probationer has not measured-up to the terms and conditions of his probation, in its discretion, the Court will revoke the probation. See *Burns v. United States* (1932), 287 U.S. 216, 221, 53 S.Ct. 154, 77 L.Ed. 266, 269. There was no error in the magistrate's proceeding as he did herein.