Argued June 30, affirmed September 6, 1977

STATE OF OREGON, *Respondent,*

*v.*

JAMES KEITH RHODES, *Appellant.*

(Nos. 76-1627, 76-1628, 76-1629 & 76-1893,
CA 8112 & 8113)

(Cases consolidated)

568 P2d 698

James V. B. Delapoer, Albany, argued the cause for appellant. With him on the brief was Long, Bodtker & Post, Albany.

Kathleen Dahlin, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction by a court sitting without a jury of four traffic offenses arising out of the same incident; Reckless Driving, ORS 487.550, Careless Driving, ORS 487.235, Failure to Obey a Police Officer, ORS 487.100 and Stopping in a Prohibited Place, ORS 487.580. His assignments of error and his brief do not raise any issue relating to the charge of Failure to Obey a Police Officer. He makes two assignments of error regarding the other three charges. He first contends the uniform traffic complaints do not contain a proper certification as required by ORS 484.170(3), and secondly there was not sufficient evidence to sustain the convictions for reckless or careless driving.

The three complaints contain the following language:

"I, _____, being first duly sworn, say that I am the person commencing the within entitled action, and that the complaint therein is true as I verily believe."

Each of these three complaints was subscribed and sworn to before a district judge. The reckless driving complaint was signed by a private citizen and the other two by the arresting officer.

Defendant entered a plea of not guilty through his counsel to all charges and moved at trial for dismissal on the ground the verification was defective. He does not contend the certification was not properly subscribed and sworn but that the wording used does not follow the form of certification set out in ORS 484.170(3) and 484.150(5).[1] The state contends defend-

---

[1] ORS 484.170 provides:

"Except as provided in this section, a complaint in a traffic offense is sufficient if it contains the following:

"* * * * *

"(3) A certification as provided in subsection (5) of ORS 484.150, signed by the complainant."

ant waived any alleged defect by failing to move for dismissal prior to his plea.

ORS 484.150(8) provides if the complaint does not conform to the requirements set out in the balance of that section the defendant, upon motion, *before plea,* may have it set aside. Failure to move against the complaint prior to a plea waives the defect. *State v. Ebert,* 10 Or App 69, 498 P2d 792 (1972). Defendant argues ORS 484.170 sets forth the minimum requirements· for validity of a traffic complaint and these minimum requirements are not waived by failure to object as set forth in ORS 484.150(8). Since verification, he argues, is included as a minimum requirement of ORS 484.170 it is not waived.

We held in *State v. Ebert, supra,* that these two sections (ORS 484.150 and 484.170) must be read together and that certain alleged defects in the minimum requirements of ORS 484.170 if not proceeded against prior to plea are waived. In *Ebert* the challenged insufficiency concerned the location of the traffic offense. Certain of the minimum requirements are necessary to invoke the jurisdiction of the court and are not waived by a plea. For example, if the complaint is insufficient to state a crime it can be challenged at any time, even on appeal. *See, State v. South,* 29 Or App 873, 565 P2d 771 (1977). An insufficiency in the form of verification is not such a necessary allegation and is waived by failure to move to set aside the complaint prior to plea.

---

ORS 484.150(5) states:

"The complaint shall contain a form of certificate by the complainant to the effect that he certifies, under the penalties provided in ORS 484.990, that he has reasonable grounds to believe, and does believe, that the person cited committed the offense contrary to law. The certification if made by a police officer need not be made before a magistrate or any other person. A private person shall certify before a magistrate, clerk or deputy clerk of the court and this action will be entered in the court record. * * *"

■ At the close of the state's presentation of evidence the defendant moved for judgment of acquittal on the charges of reckless driving and careless driving. He alleged the evidence was not sufficient to support a finding that his driving endangered or would likely endanger any person or property.[2] The motions were denied.

The evidence concerning defendant's driving was substantially in conflict. The testimony of the police officer and the private persons who were witnesses called by the state, if believed, disclosed facts from which a logical inference could be made that persons and property were likely to be endangered by the defendant's driving. The inferences to be drawn are for the trier of fact. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

Affirmed.

---

[2]Careless Driving, ORS 487.235:

"(1) A driver shall not drive a vehicle upon a highway in a manner that endangers or would be likely to endanger any person or property.
"* * * * *."

Reckless Driving, ORS 487.550(1):

"A person commits the crime of reckless driving if he drives a vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others.
"* * * * *."