Vincent A. APODACA, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4782.

Supreme Court of Wyoming.

Nov. 23, 1977.

King Tristani, Asst. Public Defender, Cheyenne, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Richard H. Honaker, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

GUTHRIE, Chief Justice.

This is an appeal from the sentence by the district judge of the minor appellant to a term of not less than 20 nor more than 40 years in the Wyoming State Penitentiary based upon a guilty plea to the charge of second degree murder in violation of § 6-55, W.S.1957.

Appellant was 15 years of age at the time the crime was committed and 16 at the time of the sentence. He was originally charged with first degree murder. Upon arraignment, appellant pleaded not guilty and not guilty by reason of mental deficiency. He was thereafter, because of said plea, transferred to the Wyoming State Hospital. The examination there resulted in a report that appellant suffered no mental illness or mental deficiency.

Thereafter, an amended information was filed charging appellant with the commission of the crime of second degree murder, and he appeared with his counsel for arraignment upon that charge and at that time withdrew his plea of not guilty by reason of mental deficiency. After an explanation by the trial judge to appellant of the nature of the amended charge, its consequences, and the questions to determine the voluntary character of the plea, reference was also made to a plea bargain which was within his knowledge. After voir dire by the judge to determine if there was a factual basis for a plea, the court conditionally accepted the plea tendered by appellant, but with the statement that the plea would not be entered until it was determined that he could understandingly, knowingly, and intelligently enter such a plea. The hearing was then continued until the court could receive the testimony of Dr. Pace of the Wyoming State Hospital and Dr. Alberts, who had been consulted by defendant. Both doctors agreed that he possessed sufficient mental capacity to fully and knowingly understand, and intelligently make, a decision as to his entry of a guilty plea.

After the conclusion of Dr. Alberts' testimony with regard to appellant's capacity to understand and to enter such plea, the judge asked him if he thought appellant might profit if all or a portion of his sentence were spent in a mental institute rather than the state penitentiary; and secondly, whether it might be better if he were to spend a portion of any sentence during his minority in the Wyoming Industrial Institute before being transferred to the penitentiary. Dr. Alberts expressed the opinion that appellant would greatly benefit from a period of time in the state hospital in a structured environment. He stated an unfamiliarity with the industrial institute, although he did not believe that appellant would be any danger to the other inmates of tender age. Dr. Pace was then recalled and expressed a disagreement with Dr. Alberts, not believing that it would be in his best interest to go to the state hospital, but recommended that it would be to his best interest if he were to go to the Wyoming Industrial Institute for a time.

The court, having determined from the testimony that appellant had the mental capacity to make such decision and enter such plea, again examined him and entered a finding of guilty as charged.

Appellant's counsel then requested a presentence report and asked for a delay to present witnesses and material in mitigation. After affording the opportunity requested, the court then passed the sentence from which this appeal is prosecuted.

In pursuit of his appeal, appellant presents as issues:

1. That the sentencing of this minor to the Wyoming State Penitentiary is cruel and inhuman punishment in violation of Article 1, § 14 of the Wyoming Constitution and the Eighth Amendment to the Constitution of the United States.
2. That the trial judge abused his discretion in ignoring the evidence before him when he failed to order the commencement of the incarceration of defendant at the Wyoming Industrial Institute.
3. That the plea was improperly accepted because the court failed to specifically advise appellant that he would be forced to spend a 20-year term before he would become eligible for parole.

These contentions must all be resolved against appellant.

█ It requires no analysis to demonstrate that this first contention is in effect a charge that the imposition of a sentence to the state penitentiary upon a minor is per se unconstitutional and, although not mentioned in appellant's brief as such, is a direct attack upon the constitutionality of § 7–302, W.S.1957, 1975 Cum.Supp. Because this is true, this court cannot properly reach this question. During the entire sentencing process, and even in the statements and arguments of counsel at the time of hearing and when evidence of mitigation was received and the sentence finally passed, although leniency was sought even to the extent of a suspended sentence, there was absolutely no mention that a penitentiary sentence would be cruel or unusual punishment; nor was any contention even indirectly raised before the district court or suggested to the judge that such sentence would be unconstitutional. There is no factual basis or empirical data in the record upon which a finding might be based that this was cruel or unusual punishment for a minor.

This court is not a proper forum in which to raise for the first time the question of the constitutionality of a statute or any constitutional question. There are few ap-pellate rules more universally expressed and followed than that which recognizes that this court will not consider questions not presented to or raised in the trial court, *Zwick v. United Farm Agency, Inc.*, Wyo., 556 P.2d 508, 513; *Knudson v. Hilzer*, Wyo., 551 P.2d 680, 686; and cases collected in 1 West's Wyoming Digest and Supplement, Appeal and Error, █ This rule is applied in cases wherein the constitutionality of a statute is placed in question, *Knudson v. Hilzer*, supra; West's Digest, supra, █ and has been applied in a criminal case, *Swisse v. City of Sheridan*, Wyo., 561 P.2d 712, 714. So far as appellant's argument that the trial court abused its discretion in sentencing him directly to the state penitentiary instead of beginning his sentence at Worland is concerned, there is no comfort for him in our previous decisions.

█ The sentence imposed herein is clearly within the statutory limits as set by the legislature, 20 years being the minimum penalty therefor. It being within such limits, the determination of this penalty was exclusively with the trial judge, *Hicklin v. State*, Wyo., 535 P.2d 743, 754.

Appellant seeks to attack this sentence as an abuse of discretion, but the entire record reveals a concern and solicitousness on the part of the trial judge to make a proper disposal of this case, undoubtedly influenced by appellant's youth and the heinous nature of the crime. We find this most commendable, and are frankly amazed at the suggestion that the sentencing judge would be in any manner bound by the testimony or suggestion of Dr. Pace as an expert. After the sentence was passed, the judge revealed that he had made an inquiry of the superintendent of the Wyoming Industrial Institute, who advised him that he did not believe it in appellant's best interest to serve a portion of his term in the institute. Appellant cites no authority, nor makes any cogent argument, to sustain this position, or to demonstrate that this might be an abuse of discretion, and we must assume that there is none available and that he found none, *Deeter v. State*, Wyo.,

500 P.2d 68, 71; *Alcala v. State*, Wyo., 487 P.2d 448, 457, certiorari denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, rehearing denied 406 U.S. 911, 92 S.Ct. 1613, 31 L.Ed.2d 823. And further, in absence of cited authority, the claim of error will not be considered, *Otte v. State*, Wyo., 563 P.2d 1361, 1363; *Valerio v. State*, Wyo., 429 P.2d 317, 319.

█ Appellant's last proposition is also completely unsupported by any authority which is in any manner applicable. Reference is made to *Cardenas v. Meacham*, Wyo., 545 P.2d 632, which we find of no assistance whatever in this problem; nor can we apply it to this contention.

Appellant relies upon the Rules and Regulations of the Board of Parole, Chapter V, Section 2 (1972), which section provides that parole is at the sole discretion of the board, but only after the inmate has served his minimum term. The complaint in essence is that the trial court did not explain this rule to him, and because of the failure to do so he was not fully advised, nor could he understand the consequences of his guilty plea. The record shows that the trial judge, at least four times, repeated to appellant that 20 years was the minimum term of sentence for this crime. It was also repeated by his counsel in the course of this proceeding. We can find absolutely no basis for such contention, nor can we consider it. What we have said in the preceding section with regard to failure to cite authority is fully applicable here.

Affirmed.