Wallace Edward MINCHEW,
Appellant (Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 83–255.

Supreme Court of Wyoming.

Aug. 6, 1984.

Leonard D. Munker, State Public Defender, and Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Kevin Martin, Legal Intern, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant words the single issue on appeal as follows:

"Whether the trial court abused its discretion by failing to consider alternatives to probation revocation."

We affirm inasmuch as we not only fail to find an abuse of discretion but we find a definite consideration of alternatives to revocation of probation.

After pleading guilty to a charge of unlawful delivery of a Schedule I controlled substance (marijuana), appellant was sentenced to two to four years in the penitentiary, with the execution of the sentence suspended and with appellant being placed on probation for a period of four years. Less than ten months later, he pleaded guilty in municipal court to violations of ordinances defining offenses of malicious destruction of property and engaging in disorderly conduct under the public intoxication statutes. He was sentenced by the municipal court to serve eighteen days in the county jail and to make restitution for the damage caused.

The county and prosecuting attorney filed a motion in the district court for revocation of probation on the grounds that the acts for which appellant pleaded guilty in municipal court were violations of the conditions of probation. After a hearing in the district court, appellant's probation was revoked with direction that the previously imposed sentence be executed.

A probation revocation hearing is not a trial on a new criminal charge. It is simply an extension of the sentencing procedure resulting from conviction of the basic charge, coupled with the requirement that the probationer be afforded due process of law before being deprived of the conditional right to liberty granted by probation.

"We cannot write a code of procedure; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds. Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey v. Brewer*, 408 U.S. 471, 488–489, 92 S.Ct. 2593,

2604, 33 L.Ed.2d 484 (1972) re paroles with *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) extending the same to probationers.

At the risk of being unduly repetitious, we repeat that said in *Ketcham v. State,* Wyo., 618 P.2d 1356, 1359–1360 (1980):

" * * * [I]t is appropriate to review the law as it relates to probation revocation.

" 'The imposition of probation and, therefore, the revocation, lie in the sound discretion of the district court.' " ' " * * * All that is essential is the court's conscientious judgment after hearing the facts that the violation has occurred. This should not be an arbitrary action and should include a consideration of both the reasons underlying the original imposition of conditions, the violation of these, and the reasons leading to such violation. * * *" *State v. Reisch,* Wyo., 491 P.2d 1254, 1255 (1971). See *Sanchez v. State,* Wyo., 592 P.2d 1130 (1979).' *Buck v. State,* Wyo., 603 P.2d 878, 879 (1979). " 'The sufficiency of the evidence to sustain an order revoking probation is a matter within the sound discretion of the trial court and its action will be reversed only upon a clear showing of abuse of discretion. The court cannot act arbitrarily, however, or according to whim or caprice.' 21 Am.Jur.2d Criminal Law § 568, p. 536 (1965).

"The evidence need not establish the violation beyond a reasonable doubt. 24 C.J.S. Criminal Law § 1572(4), p. 505 (1961); *State v. Fortier,* 20 Or.App. 613, 533 P.2d 187, 188 (1975).

*"A probationer or parolee is not entitled to the 'full panoply of rights' that attend a criminal prosecution. Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *United States v. Strada,* 8 Cir.1974, 503 F.2d 1081.

" 'In such final hearing, the usual rules of evidence need not be applied, *United States v. Cates,* C.A.4th (1968), 402 F.2d 473, 474[5], and it is not required that the evidence have shown beyond a

reasonable doubt that Mr. Mills violated the conditions of his probation, *Manning v. United States,* C.A.5th (1947), 161 F.2d 827, 829[7], certiorari denied (1947), 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374. If the evidence satisfies the presiding judge that the conduct of the probationer has not measured-up to the terms and conditions of his probation, in its discretion, the Court will revoke the probation. See *Burns v. United States* (1932), 287 U.S. 216, 221, 53 S.Ct. 154 [156], 77 L.Ed. 266, 269. * * *' *United States v. Mills,* E.D.Tenn., 444 F.Supp. 26, 27 (1977).

"Revocation of probation because of a violation of law is not precluded although the probationer is acquitted in a criminal proceeding predicated on such violation. *Johnson v. State,* 142 Ga.App. 124, 235 S.E.2d 550 (1977); *Jones v. State,* 142 Ga.App. 274, 235 S.E.2d 681 (1977); *Bernal-Zazueta v. United States,* 9 Cir.1955, 225 F.2d 64. A few jurisdictions have taken a contrary position as to this point. See Annotation, Probation Revocation— Following Acquittal, 76 A.L.R.3d 564 (1977). Probation may be revoked on the basis of conduct which falls short of criminal conduct. *United States v. Chambers,* 3 Cir.1970, 429 F.2d 410; *State v. Reisch,* supra.

"In general, it can be said that the determination of whether or not a probationer has violated the terms and conditions of his probation is within the sound discretion of the court and is not subject to reversal on appeal unless the discretion is abused. *State v. Reisch,* supra.

" 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *' *Martinez v.*

*State,* Wyo., 611 P.2d 831, 838 (1980)." (Emphasis added.)

Turning then to the procedure and facts relative to this matter, appellant was advised at the time he was placed on probation of the consequences of his conviction. The court went into detail to ascertain the factual basis for the guilty plea. After the plea and the grant of probation, the judge gave appellant a detailed explanation of the probation terms. He emphasized the duty of appellant to obey the laws of the United States, the state *and any municipality* as well as the rules and regulations of the Department of Probation and Parole, pointing out that many others so warned by him had their probation revoked when they disregarded the warning. Appellant said he understood that he would be imprisoned if he violated any terms of his probation.

At the probation revocation hearing, a certified copy of the municipal court proceedings was introduced into evidence. Appellant's counsel acknowledged that appellant had pleaded guilty to the charges in municipal court. The following then occurred:

"THE COURT: Mr. Minchew, you understand that your counsel has said you are admitting that you did plead guilty to those two charges; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you admit that you did commit those offenses?

"THE DEFENDANT: Yes."

■ Thus, the violation of the release agreement was definitely established. In an effort to ascertain whether or not the facts were such as to require the revocation of probation, and over defendant's objection, the court ordered the State to bring the arresting officer before it. The court said:

" * * * [L]et me say to you that the Court would rule that there has been a sufficient showing that there was a violation of municipal ordinances and those violations in the Court's mind constitute a violation of the terms of probation. *The Court, however, in an effort to make sure that it understands what the defendant's position is wants to have some additional testimony to find out if there is an excuse for the violation or something which would go towards the defendant's benefit rather than anything to be used against the defendant."* (Emphasis added.)

The arresting officer testified that he was called to investigate a bomb threat at Coffeen School and found appellant in the teachers' lounge in a very intoxicated condition. Appellant attempted to hide a broken 18-inch chrome water spigot to a stainless steel sink. Appellant was arrested on the two charges to which he pleaded guilty in municipal court.

Although appellant had advised that he was guilty of the two municipal charges, he testified at the hearing that he could not recall what had happened at the school, and that he was an epileptic and subject to blackouts. He recalled drinking two beers and a pitcher of beer. He said he could not recall the municipal court proceedings very well.

■ Appellant had been afforded a hearing before the district judge, he had received written notice of the alleged violations and the evidence against him was disclosed. He had an opportunity to be heard, and he was heard. He had an opportunity to cross-examine witnesses and present his own witnesses. Written reasons were given for the exercise of discretion by the court in revoking his probation. The requirements of *Gagnon v. Scarpelli,* supra, were met.

■ The granting of probation is addressed to the discretion of the trial court and is an act of grace, of clemency. *Sanchez v. State,* Wyo., 592 P.2d 1130, 1137 (1979).

■ Appellant was given every opportunity to present mitigating circumstances. It was not beyond the bounds of reason for the court to conclude that appellant had violated the terms of his probation and that the court could reasonably conclude the existence of sufficient grounds to revoke

his probation. It cannot be said that an error of law existed under the circumstances. There was no abuse of discretion.

█ Appellant argues that the probation hearing procedure was not in accordance with that of a criminal trial—that the court asked for additional sentencing information after the State "rested." We have already noted the nature of a probation revocation hearing and that it is not a criminal trial.

█ Appellant also argues that appellant's guilty pleas to the municipal charges should not be considered inasmuch as he was not there represented by counsel. Inasmuch as appellant confirmed his guilt on the municipal charges at the probation revocation hearing, independently of the certified copies of the municipal court proceedings, we need not explore the question of whether or not appellant's waiver of appointment of counsel was knowingly and intelligently made, and that such was adequately established at the revocation hearing.

Affirmed.