**Cecil James ALDRICH,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 84–170.**

Supreme Court of Wyoming.

Sept. 24, 1985.

Leonard D. Munker, State Public Defender, and Martin J. McClain, Appellate Counsel, Laramie, for appellant.

A.G. McClintock, Atty. Gen.; Gerald A. Stack, Deputy Atty. Gen.; John W. Renneisen, Sr. Asst. Atty. Gen.; and Sylvia Lee Hackl, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

In this appeal, Cecil James Aldrich articulates the sole issue as follows:

"Whether the sentence imposed here was an abuse of the sentencing Court's discretion."

We conclude that the record discloses no abuse of discretion as that standard has been established in a well-settled series of cases in Wyoming. We affirm the judgment and sentence.

Upon his plea of guilty, Aldrich was convicted of being a felon in possession of a firearm as proscribed by § 6–8–102, W.S. 1977 (1984 Cum.Supp.). That statute provides a penalty of imprisonment in the state penitentiary for not more than three years or a fine of not more than $5,000, or both. The district court sentenced Aldrich to a term of not less than two nor more than three years in the state penitentiary. Aldrich contends that this sentence manifests an abuse of discretion because two character witnesses testified at the sentencing hearing that they believed that Aldrich was a good person and that he posed no danger to the public. Furthermore, Aldrich had advised the court that he was supporting his elderly wife. He acknowledged that he did have a problem with alcohol when he was not working. Aldrich

was inclined to attribute his problems to the difficulty with alcohol.

After announcing the sentence, the district court said:

"I might say this to you, Mr. Aldrich, you're a very fortunate man. Even though your record doesn't look very good, you've got some people going to bat for you even to an unbelievable extent. This Court has never seen anybody do that for anybody so you ought not to violate the trust they've imposed upon you."

In addition to the information alluded to, there was a recommendation from the probation and parole department that Aldrich was not a proper subject for probation. Indulgence in alcohol was involved in Aldrich's prior conviction of aggravated assault with a deadly weapon as well as in this case. Furthermore, Aldrich had been convicted of felonies on four different occasions. The view of the probation and parole department that his use of alcohol coupled with other events indicates that he is a danger to society is justified from his prior record.

Appellate review of sentencing has been addressed in a number of cases before this court. *Kallas v. State*, Wyo., 704 P.2d 693 (1985); *Wright v. State*, Wyo., 703 P.2d 1102 (1985); *Munden v. State*, Wyo., 698 P.2d 621, 626 (1985); *Young v. State*, Wyo., 695 P.2d 1055, 1057 (1985); *Jahnke v. State*, Wyo., 692 P.2d 911, 930 (1984); *Jahnke v. State*, Wyo., 682 P.2d 991, 1008 (1984); *Ventling v. State*, Wyo., 676 P.2d 573, 574 (1984); *Eaton v. State*, Wyo., 660 P.2d 803, 806 (1983); *Taylor v. State*, Wyo., 658 P.2d 1297, 1300 (1983); *Wright v. State*, Wyo., 670 P.2d 1090, 1092 (1983), reh. granted 1/19/84; *Daniel v. State*, Wyo., 644 P.2d 172, 178 (1982); *Cyrus v. State*, Wyo., 639 P.2d 900, 903 (1982); *Scheikofsky v. State*, Wyo., 636 P.2d 1107, 1112 (1981); *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979); *Hanson v. State*, Wyo., 590 P.2d 832, 835 (1979); *Smith v. State*, Wyo., 564 P.2d 1194, 1202 (1977); *Daellenbach v. State*, Wyo., 562 P.2d 679, 683 (1977); *Cavanagh v. State*, Wyo., 505 P.2d 311, 312 (1973); *Bird v. State*, 36 Wyo. 532, 257 P. 2, 3 (1927); *State v. Sorrentino*, 36 Wyo. 111, 253 P. 14, 16 (1927).

In *Ventling v. State*, supra, 676 P.2d at 575, this court reiterated what it means when it refers to an abuse of discretion:

" ' "A Court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *" ' *Wright v. State*, supra, 670 P.2d at 1092, quoting *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980)."

Sentencing does involve the consideration of two broad categories, the circumstances surrounding the crime and the character of the criminal. *Wright v. State*, supra; *Young v. State*, supra; and *Ventling v. State*, supra. This record discloses that the court did consider the statements of Aldrich's character witnesses. It also took into account his prior record. In addition, the presentence report obviously had been examined and the comments of Aldrich's counsel, together with Aldrich's own statements, were considered. The circumstances surrounding the crime were made known to the court through the factual basis which was presented in connection with Aldrich's plea of guilty.

There is nothing in the record which would justify any determination by this court that the district court could not reasonably conclude as it did. The sentence was within the statutory limits as prescribed by the legislature, and, therefore, there is no possibility that an error of law was committed under the circumstances.

The judgment and sentence is affirmed.