MJP, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. C–84–7.

Supreme Court of Wyoming.

Oct. 2, 1985.

Leonard D. Munker, State Public Defender, and Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, for appellant.

A. G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Sylvia Lee Hackl, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., ROONEY, BROWN and CARDINE, JJ., and GUTHRIE, Justice, Retired.*

THOMAS, Chief Justice.

In this case, we are asked to decide whether a sentencing court may require a prosecutor to present at the sentencing hearing evidence of other crimes with which the defendant has not been charged

---

* ROSE, J., having recused himself, GUTHRIE, J., Retired, was assigned pursuant to order of the court entered January 2, 1979.

pursuant to a plea agreement with the State. In treating with this issue we must deal with a claim that such a proceeding violates the concept of fundamental fairness embodied in the due process clause. There also is an issue relating to the abuse of discretion by the trial court in sentencing. We conclude that the district court did not exceed its powers with respect to the evidence it required at the sentencing hearing, and that there was no violation of the concept of fundamental fairness as claimed. We also can discern no abuse of discretion in the sentencing. We affirm the judgment and sentence.

In the Brief of Appellant the issues are articulated as follows:

"1. Whether the district court exceeded its powers in ordering a prosecutor in a sentencing hearing to present evidence of other crimes with which the defendant had not been charged pursuant to a plea agreement.

"2. Whether the proceedings employed during the sentencing hearing violated the concept of fundamental fairness, which is embodied in the due process clause.

"3. Whether the sentencing judge abused his discretion in sentencing Appellant."

The State of Wyoming in its Brief of Appellee states the issues somewhat differently:

"I. DID THE TRIAL COURT EXCEED ITS AUTHORITY IN REQUESTING THAT ADDITIONAL RELEVANT INFORMATION BE PRESENTED DURING THE SENTENCING HEARING?

"II. DID THE SENTENCING PROCEEDING COMPORT WITH ALL REQUIREMENTS OF DUE PROCESS?

"III. DID THE TRIAL COURT ABUSE ITS DISCRETION IN SENTENCING APPELLANT TO A TERM OF SEVEN TO TEN YEARS IN THE WYOMING STATE PENITENTIARY?"

MJP was charged with taking immodest, immoral or indecent liberties with a minor in violation of § 14-3-105, W.S.1977 (December 1978 Replacement). That statute provides as follows:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

After being bound over to the district court for further proceedings by the County Court of Campbell County, MJP entered a plea of guilty to the charge pending against him. A plea agreement was made pursuant to which the State agreed not to file incest charges against the appellant in exchange for his plea of guilty to the indecent liberties charge. The incest charges, according to the discussion of the arrangement at arraignment, would have related to a different victim and a different incident.

When the case first came on for sentencing, the State indicated it had no evidence to present. The defense also offered no evidence other than the defendant's personal statement and allocution. When the State argued for incarceration, however, the court asked the State if MJP had been threatened with prosecution for three other acts against his own children. When the prosecutor responded affirmatively, the court asked if there was proof of those crimes. Upon an affirmative response from the prosecutor, the court decided it needed to hear further evidence and ordered a further sentencing proceeding. At that proceeding, a social worker and a child and family therapist were called as witnesses. These two witnesses testified about their interviews with MJP's daughters and both were cross-examined by MJP's counsel. This evidence indicated that the other crimes to which the State had alluded in fact had been committed against the daughters of MJP.

MJP argues that the requirement of the submission of additional evidence was an infringement upon the prosecutor's discre-

tion in violation of the separation of powers doctrine. See e.g., *Petition of Padget*, Wyo., 678 P.2d 870 (1984); *United States v. DeBright*, 730 F.2d 1255 (9th Cir.1984); *People v. Thorpe*, Colo., 641 P.2d 935 (1982). The State contends that the issue is not available to MJP because it was not presented to the trial court. *Hopkinson v. State*, Wyo., 664 P.2d 43, cert. denied 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983).

█ It is clear to this court that since sentencing is a judicial function, *Wright v. State*, Wyo., 670 P.2d 1090, 1095 (1983), the trial court is entitled to have presented to it whatever information is available that will assist it in that difficult task. Rule 33(c)(1), W.R.Cr.P., provides that a presentence report is to be made unless the trial court directs otherwise. Rule 33(c)(2), W.R.Cr.P., mandates that "circumstances affecting his behavior as may be helpful in imposing sentence" be included in the report. Case authority indicates that a sentencing court must consider "the character of the criminal," as well as "the crime and its circumstances." *Wright v. State*, supra, 670 P.2d at 1092; *Aldrich v. State*, Wyo., 706 P.2d 271 (1985). It is clearly necessary for the court to properly inform itself with respect to those factors deemed significant for purposes of sentencing. As this court explained in *Wright v. State*, supra, 670 P.2d at 1093, "The character of the criminal could reasonably increase or decrease his sentence. His * * * criminal and delinquency record, attitude, etc., well bear upon the accomplishment of the purpose of the sentence."

In *Minchew v. State*, Wyo., 685 P.2d 30, 31 (1984), this court approved the actions of the trial court in ordering the arresting officer to appear before the court at probation revocation proceedings, which are merely extensions of the sentencing procedure. The court just wanted "to make sure that it understands" and wanted "to have some additional testimony to find out if there is an excuse * * * or to find something which would go to the defendant's benefit." Id. at 33. In *Hicklin v. State*,

Wyo., 535 P.2d 743, 749, 79 A.L.R.3d 1050 (1975), this court commended the efforts of the trial court at the sentencing hearing, in part, because "The defendant's background was investigated from A to Z."

█ In the case at bar, at the original sentencing hearing, the trial court recognized his responsibility not only to impose an appropriate sentence based upon the character of the defendant, but also to make an accurate determination of the defendant's character:

"But it seems to me important that these factors are taken into consideration. If you're going to stand there and argue for a long penitentiary sentence, then I want to hear some evidence that supports. And we've had this undercurrent throughout this case, and it seems to me that we need to clear the air on it one way or the other. Either it is a factor or it's not a factor. If it is a factor and * * you can show it by competent evidence, then it's something that the Court definitely would want to take into consideration in imposing sentence.

"On the other hand, if the proofs are not there and its merely innuendo, then he ought not to be sentenced on the basis of innuendo."

Because we have determined that sentencing is a judicial function for which the trial court has broad authority to assure itself of the accuracy of the information presented and alluded to, there was no violation of the separation of powers doctrine with respect to this sentencing proceeding.

█ Furthermore, the proceeding did not infringe upon MJP's right to due process. The trial court ordered the prosecutor to provide defense counsel with advance notice of the witnesses and a summary of their testimony. The defendant had ample opportunity to contest the evidence presented. The sentencing hearing is not a trial. *Williams v. People of State of New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), reh. denied 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514 (1949); *Minchew v. State*, supra, 685 P.2d at 31. In assessing a lawful sentence, the court is required to

consider relevant factors. It needs to inform itself about the circumstances surrounding the offense and also the facts relating to the accused. The court did this in connection with this sentencing proceeding, and in the process none of the constitutional rights of MJP were violated.

■ With respect to the claim of abuse of discretion in sentencing, we note that there is nothing in this record to persuade this court that the trial court could not reasonably conclude as it did. The sentence is within the lawful limits and there is no error of law under the circumstances. *Aldrich v. State,* supra, and the cases cited therein.

The judgment and sentence is affirmed.

GUTHRIE, Justice, Retired, concurring in the result and dissenting in part.

I concur in the result of this opinion but dissent from that part or portion thereof which treats and discusses appellant's first asserted issue. Appellant cannot properly raise his first contention not having made the proper objections or presented this question to the trial court. He does not in his brief contend or attempt to demonstrate that this involves plain error. *Hopkinson v. State,* Wyo., 664 P.2d 43, 50, cert. denied 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983), and authorities cited therein. Absent plain error, it is well recognized that the supreme court is not the proper forum in which to raise a constitutional question for the first time. *Apodaca v. State,* Wyo., 571 P.2d 603, 605 (1977).

Since it is neither proper nor necessary for this court to decide this question, this is dicta. *Felske v. State,* Wyo., 706 P.2d 257 (1985).