382 A.2d 1319.

STATE *vs.* LEWIS MANN.

MARCH 1, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J. This is an appeal by the state from a judgment of the Superior Court granting the defendant's motion to dismiss an information charging him with violation of the Controlled Substances Act (the Act). General Laws (1968 Reenactment) §§21-28-1.01 through 21-28-6.02 (Supp. 1976). The trial justice held that the state had failed to establish that the defendant had committed a criminal offense.

On April 16, 1976, while investigating a breaking and entering complaint at defendant's residence in Warwick, police discovered a quantity of drugs, including some classified as controlled substances under §21-28-2.08. An information brought subsequent to this discovery alleged that defendant unlawfully, with knowledge and intent, possessed eight specified substances in violation of §21-28-4.01(C). That statute provides in pertinent part that:

> "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter."

A compliance order attached to the information stated that defendant was not licensed with the state or federal government to possess controlled drugs.

At a hearing conducted pursuant to §12-12-1.7, defendant called as his only witness the keeper of records of the Department of Health. She testified that defendant was certified to practice osteopathy on May 9, 1969, and that no action had been taken to suspend or revoke that certification. Evidence indicated that defendant had registered his certification initially but had failed to reregister annually as required by law. General Laws 1956 (1976 Reenactment) §5-36-5. The defendant introduced no evidence regarding registration under the Controlled Substances Act. He argued that, because he was certified to practice osteopathy under §5-36-4, he is exempt from prosecution under §21-28-4.01(C). The trial justice accepted this reasoning.

The state contends that possession of a certification to practice osteopathy does not, by itself, entitle one to possess controlled substances; rather, an osteopath is authorized to possess controlled substances only when he is registered under the Act and acting within the scope of his registration.

The issue confronting this court is whether one certified to practice osteopathy is exempt from the penalties imposed by §21-28-4.01(C)(1)(a) for possession of controlled substances.

Section 5-36-4 provides in pertinent part:

> "Rights and duties of osteopaths — Registration of certificate. — A certificate to practice osteopathy shall confer upon the holder thereof, the right to practice osteopathy in all its branches as taught and practiced in recognized colleges of osteopathy. The holder of such a certificate shall have the same registered with the clerk of the city or town wherein he resides; he thereby becomes a registered physician, subject to the same duties and liabilities and entitled to the same rights and privileges which may be imposed by law or governmental regulation upon physicians of any school of medicine, including the practice of minor surgery, obstetrics, and the use of drugs * * *."

We note that, while §5-36-4 specifically authorizes one who possesses and registers his osteopathy certificate to use drugs, the use authorized is not unlimited. The statute clearly states that the osteopath is "subject to the same duties and liabilities and entitled to the same rights and privileges which may be imposed by law or governmental regulation upon physicians of any school of medicine * * *."

Therefore, the Legislature, in adopting the Act, clearly qualified the physician's right to use drugs. It expressed an intention that the Act regulate, control, and trace the flow of substances which pose a danger to the public health, Section 21-28-1.01. It included registration requirements for practitioners, including osteopaths, and licensing requirements for manufacturers so that legitimate drug handlers would be protected from prosecution under the Act when they acted within the scope of their registration of license and subject to the penalties prescribed when they did not. *See* §§21-28-3.02, 21-28-3.30. Additionally, it is clear that the registration required by the Act is separate from that required of practitioners of the various disciplines regulated by the division of professional regulation. *See* §21-28-3.02.

While registration under the Act is required only for those persons who manufacture, distribute, prescribe, administer, or dispense controlled substances, the Legislature expressly provided that the Act be interpreted to effectuate its general purpose. The stated purpose, as we have noted, is to establish a scheme to identify and protect legitimate drug handlers and to curtail the flow of drugs to persons not legitimately in possession. Thus, when viewed in the context of the Act as a whole, clearly, the right to possess drugs incident to professional use, where that use is regulated by the Act, is dependent upon compliance with the registration requirements of the Act.

Section 21-28-4.01(C), under which defendant was charged, provides penalties in subsection (1) for simple possession applicable to "any person" not specifically ex-

empted. The language is clear. It is well settled that, in the absence of ambiguity, words used in a statute must be given their plain and ordinary meaning unless a contrary intention appears on the face of the statute. *Andreozzi* v. *D'Antuono*, 113 R.I. 155, 158, 319 A.2d 16, 18 (1974). We conclude, therefore, that "any person" as used in §21-28-4.01(C)(1) includes physicians. They are exempt from the penalties imposed under the Act only when they are registered and acting within the scope of their registration or when they fall into another of those categories of persons otherwise exempted by §21-28-3.30.

The Supreme Court, in *United States* v. *Moore*, 423 U.S. 122, 134, 96 S. Ct. 335, 342, 46 L. Ed. 2d 333, 343 (1975), has similarly constructed language in the federal controlled substances act, 21 U.S.C. §§801 through 966 (1970). The Court, in *Moore*, stated that "[t]he legislative history indicates that Congress was concerned with the nature of the drug transaction, rather than with the status of the defendant," and, therefore, held that the term "any person" in 21 U.S.C. §841 applied to physicians, even those properly registered who exceeded the scope of their registration. Sections 21-28-4.01(A) and (B) of the Rhode Island statute essentially parallel the provisions of §841 and use the term "any person" in a context similar to that of §21-28-4.01(C).

The California Supreme Court in *People* v. *Michals*, 36 Cal. App. 3d 850, 853, 111 Cal. Rptr. 892, 893 (1974), considering whether a physician could be charged with possession of drugs under a California statute similar to §21-28-4.01(C), stated that "person" included " 'every person' whether or not he be licensed as a practitioner of the healing arts."

Public Laws 1962, ch. 110, §1, the precursor of §21-28-4.01(C), specifically exempted physicians from prosecution for possession of controlled substances. While the Legislature retained language in §21-28-4.04 exempting physicians from penalties imposed for the possession of

needles and syringes, *see* P.L. 1962, ch. 110, §1, it excluded the per se exemption of physicians from prosecution for possession of controlled drugs, substituting the requirement of a prescription, order, license or registration under the Act. *See* §21-28-3.30. If the Legislature had intended to exempt physicians, it could have done so. Evidently, it did not.

The Act is clear that defendant must establish his entitlement to an exemption. Section 21-28-5.08(b) states:

> "In the absence of proof that a person is the duly authorized holder of an appropriate registration or an official written order issued under federal law, he shall be presumed not to be the holder of such registration form, and the burden of proof shall be upon him to rebut such presumption."

In the case at bar, defendant failed to introduce evidence that he was registered under the Act or possessed the substances at issue pursuant to a valid prescription or on order from a manufacturer or wholesaler. The benefit of the presumption, therefore, inures to the state.

We do not address the effect that proper registration under the federal controlled substances act or under the controlled substances act in another jurisdiction would have upon this litigation because evidence on these issues was not presented.

The state's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Julius C. Michaelson*, Attorney General, *John R. McDermott*, Special Assistant Attorney General, for plaintiff.

*Edward John Mulligan, S. Christopher Stowe, Jr.*, for defendant.