No. 17,453.

MERLE McRAE *v.* PEOPLE OF THE STATE OF COLORADO.
(286 P. [2d] 618)

Decided July 25, 1955.   Rehearing denied August 15, 1955.

Mr. ALEX B. HOLLAND, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy Attorney General, Mr. NORMAN H. COMSTOCK, Assistant Attorney General, for defendant in error.

*En Banc.*

Mr. Chief Justice Alter delivered the opinion of the Court.

In this case a jury returned its verdict finding defendant Merle McRae guilty of wrongfully, unlawfully and feloniously, while under the influence of intoxicating liquor, causing the death of Wayne Urban by operating and driving an automobile in a reckless, negligent and careless manner. Upon the jury's verdict the court pronounced judgment finding defendant guilty as charged and sentenced him to a term in the penitentiary. Defendant brings the case here by writ of error seeking a reversal of the judgment.

The evidence discloses that August 26, 1953, was a clear, sunny day, and in the early afternoon thereof, on a level, straight stretch of road easterly of Wiggins, Colorado, defendant's automobile, being driven in an easterly direction, collided with an automobile proceeding in a westerly direction in which Clarence Urban, his wife and two small children were riding, said Urban being the driver of the westerly bound car.

Defendant was driving a 1939 Chevrolet automobile — with a broken speedometer — which Armstrong, the passenger in the car with him, estimated was being driven at the rate of sixty-five or seventy miles per hour, while defendant estimated his speed at fifty-five to sixty miles per hour. While driving at this rate of speed defendant attempted to pass another automobile going in an easterly direction, and in so doing first discovered the Urban automobile approaching in a westerly direction. He applied his brakes, and the right hand wheels of his automobile swerved to the shoulder of the pavement, then swerved to the left across the path of the Urban car, and collision occurred. The right shoulder of the pavement at the point where defendant was attempting to pass the east-bound automobile was wide

enough to have permitted him to have traveled thereon. As a result of the accident, Urban and his wife were seriously injured; the minor son was killed; the daughter receiving only slight injuries. Defendant suffered serious injuries, and Armstrong was only slightly injured.

It appears from the evidence that about 11 o'clock A.M. on August 26, 1953, defendant and his friends Armstrong and Pickett started by automobile for Denver, and on the way stopped at a cafe in Roggen, where, according to the testimony of McRae and his passenger, they ate hamburgers and McRae drank one and a half bottles of 3.2 beer. While at Roggen the McRae party discovered that they did not have sufficient money with them, and McRae attempted to have a check cashed. Failing in this effort, he and Armstrong decided to return to Fort Morgan for the purpose of obtaining more money with which to proceed to Denver, and it was on this return trip that the collision occurred.

The Urban family and McRae and Armstrong were taken to a hospital in Fort Morgan, and shortly after 6 o'clock, and at the request of one of the Colorado State Patrolmen, a specimen of McRae's blood was taken, with his consent, for the purpose of determining whether he was operating the automobile while under the influence of intoxicating liquor. According to the evidence, McRae's blood specimen was properly sealed and protected against contamination or deterioration until delivered to a medical technologist in Greeley, Colorado, for a determination of its alcoholic content, if any. Upon an analysis thereof, the medical technologist testified that it contained 217 milligrams of alcohol per hundred cubic centimeters of blood, which, the evidence shows, would be sufficient to indicate definite intoxication.

Defendant, Armstrong and Pickett, the lady who served them, and two young ladies at the Roggen cafe, testified that McRae had only two bottles of 3.2 beer while at Roggen, and that he drank only one half of the contents of the second bottle; that while there his con-

duct did not indicate intoxication. McRae and his two companions testified positively that McRae had consumed no other alcoholic beverages from early in the morning of August 26 until the accident. Two physicians called by defendant as witnesses in his behalf testified positively that one and a half bottles of 3.2 beer would not cause intoxication; however, if the analysis of McRae's blood showed 217 milligrams of alcohol per hundred centimeters of blood was accurate, he would definitely be intoxicated. One of the physicians stated that analysis would indicate that defendant was "dead drunk."

The physicians who testified were in apparent agreement that if defendant had consumed only one and a half bottles of beer at some time in the early afternoon of August 26, the percentage of alcohol in his blood at shortly after 6 o'clock on the same afternoon would be almost negligible, and under no circumstances could it result in defendant's intoxication at the time of the collision which occurred shortly after 2 o'clock P.M.

We again call attention to the fact that in criminal cases presented in this Court there must be an assignment of errors, printed abstract and briefs, and that in the instant case such rules have been wholly disregarded. Nevertheless, we shall treat the "Summary of Argument and Grounds for Reversal" as if they were presented as assignments of error and the "Statement of the Case" as if it were an abstract.

Defendant relies upon: 1. The alleged insufficiency of the evidence and 2. the giving and refusing of instructions as errors entitling him to a reversal of the judgment.

■ 1. We heretofore have held in both civil and criminal cases that the result of blood analysis is competent evidence on the question of intoxication. *Hanlon v. Woodhouse,* 113 Colo. 504, 160 P. (2d) 998; *Kirschwing v. Farrar,* 114 Colo. 421, 166 P. (2d) 154; *Snyder v. Denver,* 123 Colo. 222, 227 P. (2d) 341; *Block v. Peo-*

*ple,* 125 Colo. 36, 240 P. (2d) 512; *Kallnbach v. People,* 125 Colo. 144, 242 P. (2d) 222.

We also have held that in a criminal case, to establish that a defendant is intoxicated, it is not necessary for the People to prove the process by which he became intoxicated. *Bauer v. People,* 103 Colo. 449, 86 P. (2d) 1088.

There is an irreconcilable conflict in the evidence in the present case. All of the expert testimony introduced was conclusive that the consumption of one and a half bottles of 3.2 beer, taken about 1 o'clock P.M., on August 26, 1953, would not be sufficient to produce defendant's intoxication at approximately 2 o'clock P.M. on said day. In fact, according to the expert testimony, the alcoholic content of defendant's blood, under these circumstances, would be entirely negligible. All of defendant's lay witnesses testified positively that one and a half bottles of 3.2 beer was all of the intoxicating liquor that defendant consumed prior to the accident. There was no competent evidence introduced challenging the testimony of the doctor who was in attendance upon McRae shortly after the accident that the blood which he delivered to the patrolman was defendant's blood; there was no intimation that defendant's blood was not properly guarded against deterioration or amelioration, and none that a correct and proper analysis of defendant's blood disclosed an alcoholic content of 217 milligrams per hundred cubic centimeters. Under the evidence introduced in the case, had the jury believed the testimony of defendant and his witnesses, it would have been its sworn duty to have returned a verdict of not guilty. If the jury believed the testimony of the medical technologist and the People's other witnesses, it would have been its duty to have found defendant guilty, as it did, and this notwithstanding the fact that the People produced no witnesses to establish the "process" by which defendant became intoxicated. *Bauer v. People, supra.* The jury was the sole judge of the credibility of the witnesses, and where

an irreconcilable conflict in the evidence is presented, it is the exclusive prerogative of the jury to give weight and credence to the testimony of those witnesses which it believes are more worthy of credit, and to give credit accordingly. There was competent evidence before the jury to support its verdict, and the judgment pronounced thereon; therefore, no error was committed by the trial court in refusing to grant defendant's motion for a directed verdict.

■■ 2. Defendant objected to the giving of the court's instructions Nos. 7 and 8. Instruction No. 7 reads: "When a driver is so under the influence of intoxicating liquor that his capacity to operate the automobile is impaired, even in the slightest degree, he is intoxicated within the meaning of the law." Instruction No. 8 reads as follows: "To prove that a person was intoxicated it is not necessary to prove the process by which he got intoxicated." Defendant's objections to the giving of Instructions Nos. 7 and 8 are as follows: "Defendant objects to the giving of Instruction No. 7 on the grounds that it is not a correct statement of the law, and further, that it points out to the jury certain facts which the word 'impaired' itself indicates. Defendant objects to the giving of Instruction No. 8 for the reason that it is not a complete statement of the law and does not contain the statement of law as set forth in *Bauer v. People,* 103 Colo. 449." Further, "Instructions No. 7 and 8 are both prejudicial to this defendant and are not instructions based on the law relative to the statute."

Defendant objected to the refusal of the court to give his tendered Instructions Nos. 1 and 2, the pertinent parts of tendered Instruction No. 1 reading: "When a driver is so under the influence of intoxicating liquor that his capacity to operate the automobile is impaired, he is intoxicated within the meaning of the law.

"To prove that a person was intoxicated, it is not necessary to prove the process by which he got intoxicated. * * * "

The pertinent part of defendant's tendered Instruction No. 2 reads: "There remains no legislative standard by which to test whether beer containing not more than 3.2 per cent of alcohol is legally intoxicating; and the question is one of fact which must be determined by the jury from all the evidence, no part of which is conclusive."

We might wholly disregard defendant's objection to the court's instructions Nos. 7 and 8 for the reason that the objections thereto are not sufficiently specific to require our attention. However, under our decisions in *Snyder v. Denver, supra,* and *Bauer v. People, supra,* it is manifest that no error was committed by the trial court in giving its Instructions Nos. 7 and 8. This being true, it equally is manifest that there was no error committed in refusing to give defendant's tendered Instructions Nos. 1 and 2. We have examined the record in the case with care, have studied the briefs filed, and hold that defendant received a fair and impartial trial under the statutes of the State of Colorado.

Accordingly, the judgment is affirmed.

Mr. Justice Holland dissents.