No. 19,289.

AXEL JOHNSON *v.* PEOPLE OF THE STATE OF COLORADO.
(357 P. [2d] 68)

Decided November 28, 1960.   Rehearing denied December 19, 1960.

Mr. E. V. HOLLAND, Mr. J. EMERY CHILTON, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiff in error as defendant in the trial court was convicted of the offense of causing a death by operating a motor vehicle while under the influence of intoxicating liquor. From the judgment and sentence imposed he brings the case here on writ of error.

Defendant was charged with causing the death of one Mixer by operating a motor vehicle in a reckless, negligent and careless manner and with a reckless and wanton disregard of human life and safety while under the influence of intoxicating liquor. He entered a plea of not guilty, and upon trial to a jury a verdict of guilty was returned.

The record discloses that decedent Mixer was driving from Denver toward Larkspur at about 9:00 o'clock P.M. on September 28, 1958, at a moderate rate of speed with the headlights of his automobile burning. The defendant, driving north on the same highway, collided with the Mixer car in the southbound lane more than five feet beyond the center line of the highway. Within a few minutes of the collision the local coroner arrived and pronounced Mixer dead. A highway patrolman arrived within a few minutes to investigate the accident.

Defendant, who was injured, was removed from his car and placed in an ambulance and taken to Colorado General Hospital where he declined to submit to a blood alcohol test. The highway patrolman testified that he asked defendant to get out of his car, but that defendant replied "Go away and leave me alone." There was testimony showing that defendant's eyes were glassy; that

he was combative and belligerent, and that his breath had a distinct and strong odor of alcohol.

The highway patrolman testified that defendant was under the influence of intoxicating liquor immediately following the accident. The ambulance driver, the night admitting clerk at Colorado General Hospital, two nurses, an assisting patrolman and a passerby at the scene of the accident all testified that in their opinion defendant was intoxicated.

Defendant did not testify on his own behalf. He produced witnesses who testified that he had only one drink during the day of the accident and that he was normal and sober when seen by them. Defendant's physician, who first saw defendant some twenty-four hours after the accident, testified that his condition immediately following the accident could have been caused by shock resulting from the injuries suffered in the collision.

It is contended by defendant that the evidence was insufficient to support the verdict.

A state of intoxication is a condition about which a lay person may express an opinion. *Bauer v. People,* 103 Colo. 449, 86 P. (2d) 1088. The jury as the sole judge of the weight and credibility to be accorded the testimony of the witnesses, was required to determine whether the opinions of seven lay witnesses, all of whom were present and observed him shortly after the collision, that defendant was intoxicated, was refuted by the physician's testimony that defendant's injuries were of such severity as to cause shock. The jury determined upon the competent evidence before it, and under adequate instructions that defendant was intoxicated. We cannot interfere with that conclusion. *Bauer v. People,* supra, *McRae v. People,* 131 Colo. 492, 286 P. (2d) 618.

Defendant relies on *Goodell v. People,* 137 Colo. 507, 327 P. (2d) 279 in support of his contention. We there held that to sustain a charge of causing a death

while driving under the influence of intoxicating liquor, it must be established that an accident occurred; that evidence of defendant's intoxication was present; that death resulted, and that the acts or conduct of the defendant constituted the sole proximate cause of the accident and the resulting death. The conviction there was reversed for the reason that proof of the last named element was entirely lacking and because the jury was erroneously instructed. Here there is ample competent evidence to support every essential element of the crime charged and no claim is made that the instructions were not ample and correct.

We are not at liberty to set aside a verdict based on sufficient evidence, and returned by a jury under proper instructions.

The judgment is affirmed.