**Herman Trevor ARMIJO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 83–86.

Supreme Court of Wyoming.

March 21, 1984.

Glenn A. Duncan, Laramie, for appellant.

Richard E. Dixon, Deputy County and Pros. Atty., Albany County, and Sp. Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

THOMAS, Justice.

The only issue to be resolved in this case is the constitutionality of § 31–5–1117(a), W.S.1977 (May 1982 Cum.Supp.), which, at the time of the events upon which the appellant's convictions were premised, provided:

"(a) Whoever, while driving any vehicle under the influence of either intoxicating liquor or a controlled substance, or a combination of both, to a degree which renders him incapable of safely driving a vehicle, causes the death of another person shall be guilty of aggravated homicide by vehicle, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not more than twenty (20) years."

The district court upheld the constitutionality of the statute against contentions by the appellant that it deprived him of due process and was unconstitutionally vague. The district court then found the appellant guilty of aggravated homicide by vehicle and leaving the scene of the accident after he had entered pleas of guilty to those charges. We agree with the conclusions of the trial court with respect to the constitutionality of the statute, and we shall affirm the appellant's convictions.

In his brief in this appeal the appellant tells us that the issues are:

"ISSUE ONE: Whether or not Subsection 31-5-1117(a) of the Wyoming Statutes, 1977 Republished Edition, is written in such a way as to constitute a deprivation of due process.

"ISSUE TWO: Whether or not Subsection 31-5-1117(a) of the Wyoming Statutes, 1977 Republished Edition, is written in such a way as to be void for its vagueness."

The brief of the State of Wyoming sets forth a more limited statement of the question as follows:

"The issue presented to this Court is whether or not Wyoming Statute § 31-5-1117(a) (1982 Cum.Supp.) is unconstitutionally vague."

While the claims of the appellant in support of his contention of unconstitutionality are multitudinous, we believe that all of them are encompassed by his contentions that he is deprived of due process because the statute does not include any requirement of criminal intent or mens rea and that it did not require a causal relationship between defendant's conduct and the victim's death, all of which seem to evolve into a general claim that this statute is unconstitutionally vague.

On October 22, 1982, the appellant drank alcoholic beverages to the point that he was under their influence. The alcohol content of his blood sometime after the fatal collision with a pedestrian was .12 percent. In this intoxicated condition he was driving west on Grand Avenue in Laramie, Wyoming, at about a quarter to 12 o'clock midnight. In the vicinity of the University of Wyoming he was traveling around 50 miles per hour, and proceeded through a red light. This traffic signal was located at a crosswalk across Grand Avenue, and the victim then was crossing the street with the signal light in his favor.

After he struck the victim, the appellant did not stop but proceeded to travel away from the vicinity of the accident. He subsequently surrendered to law enforcement officers. The foregoing information primarily is found in his testimony designed to establish a factual basis for his plea of guilty. Some of this information was not furnished by the appellant, but he agreed those facts would be established if other witnesses were called on behalf of the State.

On October 25, 1982, a criminal complaint was filed in the justice of the peace court in Albany County charging the appellant in Count I with a violation of § 31-5-1117(a), W.S.1977 (May 1982 Cum.Supp.), aggravated homicide by vehicle, and in a second count with a violation of § 31-5-1101(a), W.S.1977.[1] A criminal warrant was issued, and the appellant was arrested on October 25, 1982. After a preliminary hearing which was held on November 10, 1982, the appellant was bound over to the District Court for the Second Judicial District, and on November 12, 1982, an Information was filed charging the appellant with the same violations which had been included in the criminal complaint. The appellant was arraigned on these charges on November 17, 1982, at which time he entered pleas of not guilty to both counts. Thereafter, on January 3, 1983, the appellant filed a number of motions. Included among those motions were a Motion to Preserve All Constitutional Questions and a Motion to Dismiss Count I of the Information, which was premised upon constitutional deficiencies. On February 2, 1983, in an Order On Pending Motions, the district court ordered that the constitutional challenge by the appellant would be preserved in the event of a guilty plea. On February 7, 1983, the defendant then did withdraw his pleas of not guilty and entered pleas of guilty to both counts of the Information.

---

1. Section 31-5-1101(a), W.S.1977, provides:
   "(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 22 [§ 31-5-1103]. Every such stop shall be made without obstructing traffic more than is necessary."

After a presentence investigation the district court, on March 29, 1983, sentenced the appellant to not less than three years and not more than eight years in the state penitentiary on Count I and one year in the county jail on Count II, while providing that the sentences should run concurrently. The formal Judgment and Sentence was filed on March 30, 1983, and the appellant has taken his appeal from that Judgment and Sentence.

Because the concept is a jurisdictional one, we preliminarily consider whether the appellant properly has preserved the issue of the constitutionality of the statute for our review. Our general rule is that we will not consider matters which are not presented to a trial court excepting only questions which involve jurisdiction or fundamental rights. *In re Parental Right of PP*, Wyo., 648 P.2d 512 (1982); *Edwards v. State*, Wyo., 577 P.2d 1380 (1978); and *Connor v. State*, Wyo., 537 P.2d 715 (1975). In this case the appellant raised the issue of constitutionality of § 31-5-1171(a), W.S. 1977 (May 1982 Cum.Supp.), by his motion which was filed in the district court prior to his plea of guilty. When the district court accepted the appellant's guilty plea, the right to challenge the constitutionality of the statute in an appeal specifically was reserved.

The general rule applicable in criminal cases is that by pleading guilty the defendant is deemed to have admitted all of the essential elements of the crime charged and he thereby waives all nonjurisdictional defenses. *Small v. State*, Wyo., 623 P.2d 1200 (1981); *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Donohoe*, 458 F.2d 237 (10th Cir.1972), cert. denied 409 U.S. 865, 93 S.Ct. 157, 34 L.Ed.2d 113 (1972); and 1 Wright, Federal Practice and Procedure, § 175, pp. 623–624 (1982). A criminal defendant does not, however, waive the right to challenge the constitutionality of the statute defining the crime to which he enters a plea of guilty by virtue of his plea. *Lopez v. State*, Wyo., 586 P.2d 157 (1978); *Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); and 1 Wright, Federal Practice and Procedure, § 175, pp. 627–628 (1982). Little purpose would be served by requiring a defendant to insist upon a trial in order to preserve his opportunity to challenge the constitutionality of the statute, and we do not insist upon that. The constitutional question is properly before this court.

Our consideration of the contentions of the appellant will not follow necessarily the somewhat convoluted order of his presentation. Treating with his contentions, we recognize that one who attacks the constitutionality of a statute assumes the burden of establishing his contention clearly and beyond a reasonable doubt. *Carfield v. State*, Wyo., 649 P.2d 865 (1982); *Nickelson v. State*, Wyo., 607 P.2d 904 (1980). In determining such issues we start with a presumption of constitutionality of the legislative enactment, and it is our rule of jurisprudence that we should resolve any reasonable doubts as to constitutionality by upholding the statute if possible. *Carfield v. State*, supra; *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979); and *Sanchez v. State*, Wyo., 567 P.2d 270 (1977).

One of the extensive claims by the appellant in his contention that this statute is unconstitutional is that it would reach essentially innocent conduct as well as conduct which the legislature intended to make wrongful. The appellant argues this proposition by vigorously contending that the statute is deficient because it does not require the death of the victim to have been caused by the proscribed conduct of driving a vehicle while under the influence of intoxicating liquor. The appellant has assumed an untenable position in urging this contention because he has admitted, both by his plea of guilty in the district court, and in his argument to this court, that in this instance there is no question that his conduct of driving his motor vehicle while under the influence of intoxicating liquor caused the death of the victim. He urges, however, a series of hypothetical situations in which that would not be so.

With respect to his standing to raise such an issue the rule is that, with the limited exception of challenges to statutes that broadly prohibit speech protected by the First Amendment, a party must demonstrate the manner in which his own rights are adversely affected in light of the circumstances before the court in order to present his constitutional challenge. *Alberts v. State*, Wyo., 642 P.2d 447 (1982); *Budd v. Bishop*, Wyo., 543 P.2d 368 (1975); and *Johnson v. Schrader*, Wyo., 507 P.2d 814 (1973). The Supreme Court of the United States has expressed the rule in this manner:

> "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. * * *" *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 154–155, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979).

It well may be that the substantive answer to the appellant's contention is that the element of causation plainly is encompassed in the statute, but he is not entitled to make his argument in view of his admissions.

■ The arguments that the appellant presents with respect to unconstitutional vagueness are closely related to his claim that § 31–5–1117(a), W.S.1977 (May 1982 Cum.Supp.), deprives him of his right to due process. *Colautti v. Franklin*, 439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); and *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330 (1945). Due process does require that a criminal statute set forth with reasonable certainty the acts or conduct required or forbidden in a manner that furnishes fair notice to a person of ordinary intelligence that certain conduct is proscribed by the statute. *Dover v. State*, Wyo., 664 P.2d 536 (1983); *Carfield v.*

*State*, supra; and *Sears v. State*, Wyo., 632 P.2d 946 (1981). Challenges as to vagueness which do not involve the fundamental freedoms of the First Amendment, however, are examined in the light of the facts of the case at hand. *Dover v. State*, supra, 664 P.2d at 540; *Carfield v. State*, supra; and *Sears v. State*, supra. Accord *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975).

■ This argument was correctly addressed very perceptively by the district judge in the Order on Pending Motions where he said:

> "2. Subsection 31–5–1117(a) of the Wyoming Statutes, 1977 Republished Edition, is constitutional. The statute is the logical progeny of a series of Wyoming Statutes which have been designed to deter an individual from, and punish an individual for, driving a vehicle while under the influence of intoxicating liquor to a degree which renders that individual incapable of safely driving the vehicle, and from such proscribed conduct a death results. Moreover, the conduct which this particular Defendant is accused of committing, falls squarely within the type of behavior contemplated by the statute. Therefore, the Motion to dismiss Count I of the Information should be denied."

We agree that § 31–5–1117(a), W.S.1977 (May 1982 Cum.Supp.), is not unconstitutionally vague. It states very concretely that if the death of another person results from the conduct of a person such as the appellant in becoming intoxicated voluntarily to the point that he is not able to safely drive his vehicle a criminal sanction will be imposed upon him. The appellant obviously understood such a hazard when he fled from the scene of the collision with his victim.

■ Finally we turn to the contentions of the appellant that § 31–5–1117(a), W.S. 1977 (May 1982 Cum.Supp.), is unconstitutional because it does not encompass a criminal intent in its definition of aggravated homicide by vehicle. One of the endur-

ing principles of the common-law tradition is the concept that, in general, an injury can amount to a crime only when there is a concurrence of an evil-meaning mind with an evil-doing hand, i.e., the act must be accompanied with the unlawful intent. *State v. Stern*, Wyo., 526 P.2d 344 (1974); *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); and *Dennis v. United States*, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951), reh. denied 355 U.S. 936, 78 S.Ct. 409, 2 L.Ed.2d 419 (1958). Recognition of a different style of offense has occurred over the past century and a half. This is an offense, sometimes called one of "strict liability," based upon statutes which are intended to punish the conduct proscribed without requiring an unlawful intent. *Morissette v. United States*, supra; *United States v. Dotterweich*, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943), reh. denied 320 U.S. 815, 64 S.Ct. 367, 88 L.Ed. 492 (1943); and *United States v. Balint*, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604, 605 (1922). See also Sayre, Public Welfare Offenses, 33 Colum.L.Rev. 55 (1933). The validity of such legislation, so long as it does not contravene other constitutional rights, has been sustained in the United States Supreme Court. *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), reh. denied 403 U.S. 912, 91 S.Ct. 2201, 29 L.Ed.2d 690 (1971); *Smith v. People of the State of California*, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), reh. denied 361 U.S. 950, 80 S.Ct. 399, 4 L.Ed.2d 383 (1960); *United States v. Dotterweich*, supra; and *United States v. Balint*, supra. While this statute might be sustained under this principle, we do not think that we need to determine whether § 31–5–1117(a), W.S.1977 (May 1982 Cum. Supp.), is a strict liability offense which could pass constitutional challenge as such.

We perceive this statute as a logical response to the holding of this court in *Lopez v. State*, supra. Cited in *Lopez v. State*, supra, is a line of cases in which this court was concerned with the punishment of a homicide which occurred because the defendant was driving an automobile while under the influence of intoxicating liquor.

In *State v. Cantrell*, 64 Wyo. 132, 186 P.2d 539 (1947), this court treated driving under the influence which caused a death as conduct which is malum in se. This view of such circumstances has not changed in later cases. Section 31–5–1117(a), W.S.1977 (May 1982 Cum.Supp.), addressed to the problem of a homicide committed by driving a motor vehicle while under the influence of intoxicating liquor, encompasses the same general intent that was described by the court in *State v. Cantrell*, supra. A general intent crime requires only that the prohibited conduct be undertaken voluntarily. *Dean v. State*, Wyo., 668 P.2d 639 (1983); *Slaughter v. State*, Wyo., 629 P.2d 481 (1981); and *Dorador v. State*, Wyo., 573 P.2d 839 (1978). We find that *People v. Rostad*, Colo., 669 P.2d 126 (1983), is peculiarly in point. The Colorado Supreme Court there held that their vehicular homicide statute required a general intent despite language in the statute providing that it was a strict liability offense. We conclude that the legislature of the State of Wyoming by failing to encompass a statement of intent in § 31–5–1117(a), W.S.1977 (May 1982 Cum.Supp.), did not intend to eliminate the element of a culpable mental state. The resolution is consistent with *Morissette v. United States*, supra, and the statute is not unconstitutional.

There is one other factor which bolsters our conclusion that § 31–5–1117(a), W.S. 1977 (May 1982 Cum.Supp.), imports only a general criminal intent. Section 6–1–202, W.S.1977 (June 1983 Repl.), provides that voluntary intoxication may be offered as a circumstance which negates the existence of a specific intent when that is an element of a crime. See *Carfield v. State*, supra; *York v. State*, Wyo., 619 P.2d 391 (1980); and *Gustavenson v. State*, 10 Wyo. 300, 68 P. 1006 (1902). If the appellant's argument is heard as suggesting that the statutory definition of this crime, in order to be constitutional, would require that the defendant intended the harm to a victim at the time he consumed the intoxicating beverage, the result would be impossible. Proof by the State of the fact of the driving-

while-intoxicated element of the offense would at the same time demonstrate the absence of the intent element because of the provisions of § 6–1–202, W.S.1977 (June 1983 Repl.). The legislature could not have intended such a result. It follows that to prove a violation of this statute the only intent which must be established beyond a reasonable doubt is that the acts which establish the offense were committed voluntarily. *Sanchez v. State*, Wyo., 567 P.2d 270 (1977); *Rhodes v. State*, Wyo., 462 P.2d 722 (1969). In this case the appellant admitted in establishing the factual basis for his plea of guilty that he voluntarily became intoxicated to the extent that he was rendered incapable of safely driving his vehicle, and while so driving it he collided with the victim, causing the victim's death.

The only question argued by the appellant is the constitutionality of the statute. Concluding that the statute is constitutional, the conviction of the appellant and the Judgment and Sentence entered in the district court must be affirmed.