**Barry Brian FELSKE,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 83–230.**

Supreme Court of Wyoming.

Sept. 12, 1985.

Thomas J. Fagan and Michael J. Krampner of Fagan & Fagan, Casper, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Margaret M. White, Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS,* C.J., and ROSE, ROONEY,** BROWN, and CARDINE, JJ.

ROSE, Justice.

The primary issue in this case is whether the State must establish the voluntary driving of the vehicle and the voluntary consumption of alcoholic beverages in prosecuting a charge of aggravated vehicular homicide under § 31–5–1117(a), W.S.1977, 1982 Cum.Supp.[1] The constitutionality of the statute also is attacked for reasons similar to those argued in *Armijo v. State,* Wyo., 678 P.2d 864 (1984), and *Hodgins v. State,* Wyo., (No. 83–143 decided 9/11/85). We affirm the judgment of the district court because the constitutionality of the statute has been established in *Armijo v. State* and *Hodgins v. State,* and because the State did not fail to meet its burden of establishing the elements of the offense.

Appellant stated the issues on appeal in his brief as:

"I. Whether the statute under which the appellant was charged, W.S. § 31–5–1117(a), 1982 Wyo. Sess. Laws, Ch. 50, § 1, is unconstitutional.

"II. Whether the evidence presented by the State established beyond a reasonable doubt the appellant was guilty of Aggravated Homicide by Vehicle."

Appellant stated the second issue more concretely in his supplemental brief. Relying on language in *Armijo v. State,* he contends that the State must prove that the consumption of intoxicating beverages and the operation of the vehicle were voluntary and that the State failed to carry its burden.

By information filed July 23, 1982, appellant was charged with two counts of aggravated vehicular homicide in violation of § 31–5–1117(a), W.S.1977, 1982 Cum.Supp. Appellant pled not guilty to both counts.

A bench trial was held on May 18, 1983, and upon stipulation of counsel, the trial judge dismissed one of the counts. The trial court found appellant guilty of the remaining count of aggravated vehicular homicide, and imposed a sentence of not less than 18 months nor more than 24 months incarceration.

---

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral argument.

1. Section 31–5–1117(a), W.S.1977, 1982 Cum. Supp., provided:

"(a) Whoever, while driving any vehicle under the influence of either intoxicating liquor or a controlled substance, or a combination of both, to a degree which renders him incapable of safely driving a vehicle, causes the death of another person shall be guilty of aggravated homicide by vehicle, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not more than twenty (20) years."

## FACTUAL BACKGROUND

On June 20, 1982, at 8:45 p.m., appellant was traveling west on Geary Dome Road, a dirt road which intersects Cole Circle Road in Natrona County, Wyoming. This intersection is controlled by a stop sign directing traffic on Geary Dome Road to stop. While under the influence of intoxicating liquor, the appellant failed to stop at the Geary Dome Road stop sign, as a consequence of which he struck a vehicle carrying Bobby and Veronica Vang who died as a result of the collision. Appellant's blood alcohol content was later found to be 0.19% and an eyewitness testified that he was traveling 70 miles per hour when he struck the vehicle in which the deceased persons were riding.

The evidence in this case is scanty. The parties stipulated to the following pertinent facts:

"3. That the accident upon which this action is based occurred in Natrona County, State of Wyoming, on 6/20/82.

"4. That the defendant was driving the automobile involved in the accident upon which this action is based.

"5. That Bobby Vang and Veronica Vang were killed as a result of the injuries they received in the accident upon which this action is based.

"6. That the blood alcohol test of the defendant's blood indicated a concentration of 0.19 ethyl alcohol, and the written findings of that test may be introduced into evidence without foundation proof."

In addition, the State produced Gary Myers, who testified that he saw defendant speed along the road prior to the accident. Mr. Myers also testified:

" * * * He [the appellant] kept repeating over and over, don't tell them I was driving, and I told him, I said, there is nobody, I can't tell them that because you are the only one in the car."

The State also produced Thomas Chatt, the highway patrolman who investigated the accident scene. Officer Chatt testified that appellant had a clear view of the intersection for 2,600 feet, and that appellant's brakes were in good condition. The officer also testified that he found cans of beer in the appellant's car and noticed the smell of alcohol when he approached the appellant. Officer Chatt also testified to the results of the appellant's blood test.

Appellant presented no evidence. At the close of the State's case, he moved the court for an order dismissing the information, or in the alternative to reduce the charge to a violation of § 31–5–1117(b), W.S.1977, 1982 Cum.Supp.[2] The grounds for his motion were that there was a lack of substantial evidence to prove his guilt beyond a reasonable doubt and that § 31–5–1117(a) was unconstitutional.

## THE LAW

*Vagueness*

▌ Appellant claims the statute is void for vagueness, in that it gives no notice of the proscribed behavior. In *Armijo v. State*, 678 P.2d at 868, we said:

" * * * Due process does require that a criminal statute set forth with reasonable certainty the acts or conduct required or forbidden in a manner that furnishes fair notice to a person of ordinary intelligence that certain conduct is proscribed by the statute."

We held that the statute which is also at issue in this case, § 31–5–1117(a), was not unconstitutionally vague. Accord *Hodgins v. State*, supra. We noted that Armijo's flight from the scene left him in an awk-

---

2. Section 31–5–1117(b), W.S.1977, 1982 Cum. Supp., provided:

"Whoever, except when the violation of law involves culpable neglect or criminal carelessness, unlawfully and unintentionally, but with a conscious disregard of the safety of others, causes the death of another person while engaged in the violation of any state law or ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except those laws or ordinances relating to conduct set forth in subsection (a) of this section, is guilty of homicide by vehicle when the violation is the proximate cause of death and, upon conviction thereof, shall be fined not more than two thousand dollars ($2,000.00) or imprisoned in the county jail for not more than one (1) year, or both."

ward position in claiming that the statute gave no notice of the proscribed conduct. Likewise, appellant Felske indicated he understood the hazard of criminal sanction for his behavior when he repeatedly asked Mr. Myers not to tell the authorities that he had been driving the vehicle.

### Causation

Appellant also claims the statute is unconstitutional because it contains no causation requirement. We did not address ourselves to that question in *Armijo v. State* because Armijo admitted in both the trial court and this court that his conduct caused the death of his victim. 678 P.2d at 867.

The question of whether the statute contained a causation requirement was, however, answered in *Hodgins v. State*, supra. We found that the element of causation is encompassed in the statute. The statute said:

"Whoever, while driving any vehicle under the influence * * * to a degree which renders him incapable of safely driving a vehicle, causes the death of another person shall be guilty of aggravated homicide by vehicle * * *."

■ We made it clear in *Hodgins v. State* that the statute requires that the death be caused by the proscribed conduct of driving while under the influence:

"* * * [T]here cannot be a violation of the statute unless the proximate cause of death was drinking and driving while under the influence to a degree which renders the defendant incapable of safely operating the vehicle. The death of the victim of a drunk driver will not, therefore, furnish adequate grounds to support a conviction unless it can also be established beyond a reasonable doubt that the death was in fact proximately caused by the proscribed conduct."

### General Intent Required

Appellant also argues that the statute under which he was convicted is void for vagueness because it does not specify a criminal intent.

The same question was raised in *Armijo v. State*, and our response was:

"* * * We conclude that the legislature of the State of Wyoming by failing to encompass a statement of intent in § 31–5–1117(a), W.S.1977 (May 1982 Cum.Supp.), did not intend to eliminate the element of a culpable mental state." 678 P.2d at 869.

We explained further that aggravated vehicular homicide was a general-intent crime.

Appellant also urges that the State failed to establish the requisite intent. In *Armijo*, there was no question but that intent had been established, because Armijo pled guilty, thus admitting every element of the crime with which he was charged. *Armijo v. State*, 678 P.2d at 870. In the case at bar, the defendant did not plead guilty. He claims that he did not admit any evil intent and that the State has proved none, and so his conviction must be reversed. Specifically, he contends that the two elements of the offense going to intent were not established by the State and that there is no evidence at all that appellant voluntarily drove the vehicle or knowingly or voluntarily consumed alcoholic beverages.

■ We will hold that there was sufficient evidence to support a finding that appellant voluntarily drove the vehicle. See discussion, infra. We need not address the question of whether there was sufficient evidence to find that appellant voluntarily consumed alcoholic beverages because voluntary intoxication is not an element of the crime of aggravated homicide by vehicle under § 31–5–1117(a).

Appellant contends that voluntary intoxication is an element which the State must prove beyond a reasonable doubt. He supports his contention by quoting the following from *Armijo v. State*, 678 P.2d at 870:

"* * * It follows that to prove a violation of this statute the only intent which must be established beyond a reasonable doubt is that the acts which establish the

offense were committed voluntarily. [Citations.] In this case [*Armijo v. State*] the appellant admitted in establishing the factual basis for his plea of guilty that he voluntarily became intoxicated to the extent that he was rendered incapable of safely driving his vehicle, and while so driving it he collided with the victim, causing the victim's death."

It is conceded that language from Armijo carries with it some indication that voluntary intoxication is an element which the State must prove under § 31–5–1117(a). Other language in *Armijo,* however, indicates that voluntary intoxication is *not* an element of the offense. For example, at one point we spoke of "the driving-while-intoxicated element." 678 P.2d at 869–870. In any event, what we said there was dicta since, in *Armijo v. State,* we were not required to decide whether voluntary intoxication was an element since Armijo admitted his intoxication and that it was voluntary. 678 P.2d at 870.

 Now that the issue is squarely before us, we hold that voluntary intoxication is not an element which the State must prove under § 31–5–1117(a). We hold firm to our conclusion in *Armijo v. State* that aggravated vehicular homicide is a general-intent crime under § 31–5–1117(a). The prohibited conduct, however, is not the act of becoming intoxicated; rather it is the act of operating a vehicle when so intoxicated as to be unable to do it safely. The act which the State must prove was voluntary is the operation of the vehicle.

Section 31–5–1117(a) provided:

"(a) Whoever, while driving any vehicle under the influence of either intoxicating liquor or a controlled substance, or a combination of both, to a degree which renders him incapable of safely driving a vehicle, causes the death of another person shall be guilty of aggravated homicide by vehicle, and upon conviction thereof, shall be punished by imprisonment in the penitentiary for not more than twenty (20) years."

The statute does not indicate that the intoxication must be voluntary. We have previously noted that the purpose of such a statute is to reduce the carnage on the highways by the drunk driver. *Small v. State,* Wyo., 689 P.2d 420, 426, cert. denied —— U.S. ——, 105 S.Ct. 1215, 84 L.Ed.2d 356 (1984). The statute would best achieve its purpose by deterring everyone who is intoxicated from driving their vehicles. Whether a driver became intoxicated voluntarily or involuntarily, he presents a great danger to others. Therefore, we believe that the legislature intended to deter all intoxicated persons from driving their vehicles, regardless of how that condition came about.

Other jurisdictions have also reached the conclusion that the act with which the legislatures are concerned is the driving of the vehicle while intoxicated. In reaching our decision in *Armijo v. State,* we found that *People v. Rostad,* Colo., 669 P.2d 126 (1983), was particularly helpful. In that case, the Colorado Supreme Court, in holding that their vehicular homicide statute required general intent, stated that the prosecution must prove voluntary conduct in the operation or driving of a motor vehicle. That court did not conclude that the prosecution must also prove voluntary intoxication. The Colorado court had earlier held, in a prosecution for driving while under the influence, that it was "not necessary to prove the process, often a secret one, by which he [the defendant] got intoxicated." *Bauer v. People,* 103 Colo. 449, 86 P.2d 1088 (1939). That court followed their holding in Bauer v. People when a defendant was prosecuted for causing the death of another while driving under the influence. *McRae v. People,* 131 Colo. 492, 286 P.2d 618 (1955).

 We agree that the process of becoming intoxicated is not something which the State must prove under § 31–5–1117(a). That section is intended to proscribe the driving of a vehicle when intoxicated, it is not aimed at preventing intoxication.

Our conclusion is well stated by the following:

"If one should become intoxicated as a result of an innocent mistake, force or

fraud, but after becoming drunk was still sufficiently in possession of his faculties to know what he was doing, and to understand the character of his acts and with such knowledge * * * should voluntarily * * * drive a motor vehicle on a public highway, the involuntariness of the intoxication would not excuse him because the prohibited act itself was done voluntarily." Perkins and Boyce, Criminal Law (3rd ed. 1982), p. 999.

## SUFFICIENCY OF THE EVIDENCE

■ Appellant argues that the State must prove that he operated his vehicle voluntarily. He contends that there was insufficient evidence to establish voluntary operation. Appellant also contends that there was no evidence at all of the causal connection between his actions and the death of another. We find that there was sufficient evidence on both issues.

" ' "The oft-repeated rule by which we test the sufficiency of evidence on appeal of a criminal matter is that we examine and accept as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith, and we give to the evidence of the prosecution every favorable inference which may reasonably and fairly be drawn therefrom. Stated another way—it is not whether the evidence establishes guilt beyond a reasonable doubt for us, but rather whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in the light most favorable to the State. * * * " ' Harries v. State, Wyo., 650 P.2d 273, 274 (1982)." Cutbirth v. State, Wyo., 663 P.2d 888, 889 (1983).

■ For general-intent crimes it must be found that the prohibited act was done voluntarily. Slaughter v. State, Wyo., 629 P.2d 481 (1981). But it is unnecessary to prove intent by direct, positive and independent evidence. Bryant v. State, 7 Wyo. 311, 51 P. 879 (1898). Intent may be inferred from the conduct of a defendant and

from circumstantial evidence upon which reasonable inferences may be based. Stuebgen v. State, Wyo., 548 P.2d 870 (1976).

Here appellant stipulated that he was driving the vehicle. At the accident scene, he repeatedly asked an eyewitness not to tell anyone that he was driving the vehicle. The patrolman who investigated testified that the brakes were in good working condition. This evidence, along with the inferences that the trial judge could have drawn therefrom, is sufficient to establish that appellant was voluntarily driving his vehicle.

Appellant also contends that there was no evidence of a causal connection between his actions and the death of another. Appellant admits that he drove his vehicle when his blood alcohol level was 0.19%. Section 31-5-233(b)(iii), W.S.1977, states that if there is more than 0.10% alcohol in the blood, then there is a presumption that the person is incapable of driving safely. The evidence showed that the appellant was traveling approximately 70 miles per hour, that he ran a stop sign, and that he crashed into a vehicle which had the right of way. The evidence also showed that appellant's brakes were working. Appellant stipulated that he was driving and that two people were killed as a result of injuries from the accident.

■ We stated in Hodgins v. State that there must be a causal connection between the doing of the prohibited act and the death of another. Viewing the above evidence in the light most favorable to the State, with all of the inferences that can be drawn therefrom, the State clearly met its burden of establishing that the death of another was caused by appellant driving his vehicle while so intoxicated that he could not safely do so.

Because the statute is not constitutionally infirm, and because the State presented evidence, together with the stipulation, from which the trier of fact could find each element of the crime of aggravated vehicular homicide, including an intentional op-

eration of the vehicle, appellant's conviction must be upheld.

Affirmed.