Ted David **MEADOWS**,
Appellant (Defendant),

v.

The **STATE** of Wyoming,
Appellee (Plaintiff).

No. 85–3.

Supreme Court of Wyoming.

Nov. 25, 1985.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, and Denise Nau, (orally), Asst. Appellate Counsel, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and David K. Gruver, (orally), Legal Intern, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN, and CARDINE, JJ.

CARDINE, Justice.

Ted Meadows appeals his aggravated vehicular homicide conviction on due process grounds.

We affirm.

On January 29, 1984, the appellant and a friend, Terry Causby, embarked upon a journey for the purpose of purchasing beer. The appellant drove although he had already been drinking and had a blood alcohol level of at least .15%. They never reached their destination. While traveling at over 60 miles per hour in a 50-mile-per-hour zone, the appellant crossed over the center line and collided head-on with another vehicle. Causby, the passenger in the vehicle appellant was driving, was killed and four people in the second car involved in the collision were injured. Appellant was charged with aggravated vehicular homicide in violation of § 6–2–106(b), W.S. 1977 (June 1983 Replacement), and he eventually pled guilty. He properly preserved his right to argue the constitutionality of the statute on appeal. See *Tompkins v. State*, Wyo., 705 P.2d 836, 839, and *Armijo v. State*, Wyo., 678 P.2d 864 (1984).

The appellant argues that the aggravated vehicular homicide statute under which he was convicted, § 6–2–106(b), W.S.1977 (June 1983 Replacement), cannot be applied to cases in which a passenger, rather than another driver, is the victim. He claims the statute is unconstitutional, violates due process, and that this conviction must be set aside.

In our recent decision in *Caton v. State*, Wyo., 709 P.2d 1260 (1985), we held that the aggravated vehicular homicide statute applied without regard to the situation of the victim, who could be a passenger, pedestrian, bystander, or other nondriver. We also held that the statute was constitutional. The Caton decision disposes of the appellant's claim.

Affirmed.